**Augustine Junior BLANCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 810–82.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 17, 1982.

Darrell K. McAlexander, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & Ray Elvin Speece & Randy McDonald, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of aggravated rape and punishment was assessed at imprisonment for five years. The Court of Appeals reversed and remanded. *Blanco v. State* (Tex.App.—Houston [1st] 1982).

■ The Court of Appeals correctly held that the charge was fundamentally defective because it authorized Appellant's conviction for aggravated rape without proof of all of the elements of that offense.

However, the Court of Appeals was in error in holding that the charge authorized Appellant's conviction upon a finding of fact that had not been alleged in the indictment. The trial court may charge the jury on the law of parties even though there is no such allegation in the indictment. *English v. State,* 592 S.W.2d 949 (Tex.Cr.App.1980); *Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App. 1978). The trial court did not err in authorizing Appellant's conviction as a party to the offense of aggravated rape. See also *Perez v. State,* 608 S.W.2d 634 (Tex.Cr.App. 1980).

Because the Court of Appeals correctly found the charge in this case to be fundamentally defective, the State's petition for discretionary review is refused.