Harrison ROGERS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0189–CR.

Court of Appeals of Texas, Tyler.

July 14, 1983.

Ronald Waldie, Seven Points, for appellant.

Melvin D. Whitaker, Dist. Atty., Athens, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction for capital murder. The jury found appellant guilty and assessed punishment at life imprisonment in the Texas Department of Corrections. We affirm the conviction.

The appellant drove Leonard Rogers, his nephew, and Anthony Wilson to a Mini-Mart Store in Athens on the night of March 13, 1980, for the purpose of committing robbery. Leonard Rogers and Anthony Wilson went inside the store while appellant waited in the car. The three had planned to commit a robbery somewhere that night. The appellant provided a car and a pistol. During the robbery Fred Mat-thews, the store manager, was shot and killed.

Appellant brings seventeen grounds of error. In his first ground appellant complains that the trial court erred in failing to exclude the immaterial, prejudicial contents of the statement of the appellant because the same was a prejudicial statement of the accomplice and not corroborated by any other evidence. We do not agree. The prosecutor offered the appellant's confession into evidence and was reading it to the jury when defense counsel objected to the following as being hearsay:

> Leonard then told me that when they went into the store Tony went in first, grabbed the lady and stuck the pistol to her head. The lady said 'Daddy, he's got a gun.' A man behind the counter looked up and seen Tony with the gun and started toward him. Tony told the man 'get back old man, get back,' but he kept on coming. Leonard ran out of the store and as he got to the door he heard a shot. Leonard said he looked back and saw the old man fall. Then Tony ran out of the store.

Although not all the statements contained within the confession were based on appellant's first-hand knowledge, it is generally not required that admissions be based on first-hand knowledge. Since he is making a statement against interest, it is assumed the speaker has made an adequate investigation concerning the matter asserted. *Honea v. State,* 585 S.W.2d 681 (Tex.Cr.App. 1979). Appellant's first ground is overruled.

In his second ground of error appellant contends the trial court erred in allowing the prosecutor to offer evidence of extraneous offenses and thereby deprive the appellant of a fair trial on the charge for which he was indicted. We have reviewed the record and find the testimony of Leonard Rogers relating to the stores which they drove to but did not rob are not extraneous offenses but merely events of the night which led to the robbery and murder at issue. Ground of error two is overruled.

In his third ground of error appellant contends the trial court erred "in failing to grant the appellant's motion for instructed verdict of 'not guilty' because there was insufficient evidence to convict the appellant without the uncorroborated testimony of the accomplice witness." Appellant's ground of error does not express the correct rule. A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. See Art. 38.14, V.A. C.C.P. It is not necessary that the corroboration be sufficient in itself to establish guilt; it need only make the accomplice's testimony more likely than not. *Rice v. State,* 587 S.W.2d 689, 694 (Tex.Cr.App. 1979) and cases cited therein. We find the corroborating evidence (including appellant's confession) to be sufficient and overrule the third ground of error.

Appellant's fourth, fifth and sixth grounds of error allege that the trial court erred in failing to grant the appellant's motion for instructed verdict of "not guilty" because there was insufficient evidence (4) that an offense against the laws of the State of Texas had been committed; (5) that a robbery attempt occurred; and (6) to connect the appellant with the offense alleged in the indictment. We find the evidence is sufficient and therefore overrule appellant's fourth, fifth and sixth grounds of error.

In his seventh ground of error appellant complains the trial court erred in failing to grant his motion for an instructed verdict of "not guilty" because the proof of the corpus delecti was established by uncorroborated testimony of an accomplice witness. The confession alone would be insufficient to establish the corpus delicti. *Brown v. State,* 576 S.W.2d 36 (Tex.Cr.App.1979). However, here we have both the confession of appellant, the testimony of an accomplice witness, and the discovery of a dead body at the location described in the confession as well as in the accomplice's testimony. The evidence shows the victim was killed by the

criminal act of another. *Self v. State,* 513 S.W.2d 832 (Tex.Cr.App.1974). Appellant's seventh ground of error is overruled.

Appellant's eighth ground of error complains that the trial court erred in failing to grant an instructed verdict of "not guilty" because there was insufficient evidence to show the means used in the commission of the alleged offense. Appellant merely raises this ground but offers no discussion or citation of authority in his brief. Nevertheless, we have reviewed the evidence and find appellant's contention is without merit. Such ground is therefore overruled.

In his ninth ground of error appellant complains that the trial court erred in failing to grant an instructed verdict of "not guilty" because there was a fatal variance between the proof offered and the allegations in the indictment. Appellant has combined his discussion of this ground with two other grounds of error. It is somewhat confusing, but he seems to be contending that the charge authorizes the jury to convict on a theory not alleged in the indictment. We do not agree. The indictment in this case alleged that appellant " . . . did then and there unlawfully knowingly and intentionally cause the death of an individual, Fred Matthews, by shooting him in the head with a pistol, a deadly weapon, and said offense occurred during the course of attempting to commit the act of robbery from Fred Matthews." Appellant is correct in his contention that the indictment does not allege a conspiracy. The charge in the case at bar is substantially the same as the charge approved by the court in *English v. State,* 592 S.W.2d 949 (Tex.Cr.App.1980) cert. denied, 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980), wherein the indictment was also similar. In applying the law to the facts in its charge to the jury, the trial court herein, as in *English,* applied the theory of criminal responsibility set forth in V.T.C.A. Penal Code, Sec. 7.02(b). That subsection provides as follows:

(b) If, in the *attempt to carry out a conspiracy* to commit one felony, another felony is committed by one of the conspir-

ators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of *the carrying out of the conspiracy.* (Emphasis added.)

In the instant case the pertinent part of the charge reads:

#### 6.

By the term 'conspiracy,' as used in these instructions, is meant an agreement between two or more persons, with intent that a felony be committed, that they, or one or more of them, engage in conduct that would constitute the offense. An agreement constituting a conspiracy may be inferred from acts of the parties.

If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, then all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

#### 7.

Now, if you find from the evidence beyond a reasonable doubt that *Harrison Rogers, Jr., Leonard Rogers and Anthony Wilson entered into a conspiracy to rob Fred Matthews, and that pursuant thereto they attempted to carry out such conspiracy to rob Fred Matthews* and that on or about the 13th day of March, 1980, in Henderson County, Texas, *while in the course of attempting to commit theft of personal property, to wit: money,* from Fred Matthews and with intent to obtain control of said property, *Anthony Wilson knowingly and intentionally caused the death of Fred Matthews by shooting him with a pistol, a deadly weapon, intending thereby to kill the said Fred Matthews, and that the defendant, Harrison Rogers, Jr., pursuant to said conspiracy, if any, with the intent to promote, assist or aid* *the said Leonard Rogers and Anthony Wilson in the commission of said robbery* then and there, at the time of the shooting, if any, was soliciting, encouraging, directing, aiding or attempting to aid the said Leonard Rogers and Anthony Wilson in the attempted robbery of Fred Matthews, if any, *and that the shooting of Fred Matthews, if any, was done in furtherance of the conspiracy to rob Fred Matthews,* if any, and that the shooting of Fred Matthews was an offense that should have been anticipated as a result of the carrying out of the conspiracy to commit robbery, then you will find the defendant, Harrison Rogers, Jr., guilty of capital murder. (Emphasis added.)

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty of capital murder.

You are further instructed that if you believe the defendant, Harrison Rogers, Jr. did not enter into a conspiracy to rob Fred Matthews or if Harrison Rogers, Jr. did not solicit, encourage, direct, aid or attempt to aid Leonard Rogers and Anthony Wilson in the attempted robbery of Fred Matthews, or if you have a reasonable doubt thereof, you will acquit the defendant of capital murder.

It is well established that the law of parties set forth in Sections 7.01 and 7.02 of the Penal Code is applicable to capital murder cases. *English v. State, supra* at 955; *Wilder v. State,* 583 S.W.2d 349 (Tex. Cr.App.1979); *Livington v. State,* 542 S.W.2d 655 (Tex.Cr.App.1976). The theory of criminal responsibility set forth in Section 7.02(b) has been applied in capital cases. *English, supra* at 955; *Ruiz v. State,* 579 S.W.2d 206 (Tex.Cr.App.1979); *Wilder, supra.* A trial court may charge the jury on the law of parties, as done in the case at bar, even though there is no such allegation in the indictment. *Blanco v. State,* 641 S.W.2d 532 (Tex.Cr.App.1982); *English, supra* at 955; *Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App.1978). Appellant's ninth ground is overruled.

In his tenth and eleventh grounds of error, appellant complained that the trial court erred (10) in failing to submit an affirmative instruction to the jury to acquit the appellant of murder if the jury entertained a reasonable doubt as to whether he intended to kill the deceased, such instruction having been timely requested by appellant; and (11) in placing the burden of proof on the appellant to prove that he did not knowingly and intentionally cause the death of Fred Mathews, the deceased. We find no merit in these grounds. The trial court charged on the law of parties. *English v. State, supra.* The appellant is not entitled to the charge requested when the jury is charged that he can be responsible for the actions of another. See *Bilbrey v. State,* 594 S.W.2d 754, 756 (Tex.Cr.App. 1980). Although we find no discussion or citation of authority for appellant's eleventh ground of error, we have reviewed the record and find the court did not place the burden of proof upon the defendant as alleged by appellant. Both grounds of error are overruled.

In his twelfth ground of error the appellant contends the trial court erred in improperly charging the jury in the converse and in so doing caused the jury to find the appellant guilty of capital murder. The pertinent part of the complained of charge is as follows:

> ... that if you believe the defendant, Harrison Rogers, Jr., did not enter into a conspiracy to rob Fred Matthews or if Harrison Rogers, Jr. did not solicit, encourage, direct, aid or attempt to aid Leonard Rogers and Anthony Wilson in the attempted robbery of Fred Matthews, or if you have a reasonable doubt thereof, you will acquit the defendant of capital murder.

The appellant requested the following charge:

> That you are further instructed if you believe the Defendant, Harrison Rogers, Jr., did not enter into a conspiracy to rob Fred Matthews, or if Harrison Rogers, Jr., did not solicit, encourage, direct, aid or attempt to aid Leonard Rogers and

Anthony Wilson in the attempted robbery of Fred Matthews, *or if you do not believe that Harrison Rogers, Jr. should have anticipated the result of the carrying out of the conspiracy to commit the said robbery,* or if you have a reasonable doubt thereof, you will acquit the Defendant of capital murder and say by your verdict, 'Not Guilty.' (Emphasis added.)

We do not find the additional requested language to be necessary. Appellant's twelfth ground is overruled.

Appellant's thirteenth ground of error contends the court erred in admitting State's Exhibit No. 2, the pistol, into evidence because no proper predicate or custodial chain was shown. We find no merit in this contention. The evidence reveals that DeWayne Hannah identified the pistol as one belonging to him and that he loaned it to the appellant completely loaded. Rogers' confession states that Tony Wilson was to use that same pistol in the robbery. Fred Matthews was shot once in the head. When appellant Rogers gave the gun to O'Neal there was one spent cartridge. O'Neal gave the gun to John Brewer, Assistant Chief of Police. Brewer brought the gun to court. We find that the proper predicate was established for introduction of the pistol. Moreover, a complete custodial chain would not be required where the gun was identified as shown by the record herein. Appellant's thirteenth ground is overruled.

Appellant's fourteenth ground of error asserts that the trial court erred in refusing appellant's timely request to charge upon the defense of alibi. We do not agree. The evidence is undisputed that the appellant was not in the Mini-Mart when the robbery was attempted and the murder occurred. It is undisputed that he waited across the street after Leonard Rogers and Tony Wilson got out of the car. The defense of alibi arises when there is evidence that the accused is at a place where he could not have been guilty of participating in the offense. A charge on alibi need not be given unless the evidence is inconsistent with the State's case which

puts the defendant at the scene at the time of the commission of the offense. *Arney v. State,* 580 S.W.2d 836 (Tex.Cr.App.1979). We find the defense of alibi was not raised and the court did not err in refusing to charge on alibi. Ground of error fourteen is overruled.

■ In his fifteenth ground of error, appellant complains that the court erred in not charging on circumstantial evidence. We do not agree. In *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1983), the court held that a circumstantial evidence charge is no longer necessary. Although the instant case was tried prior to the decision in *Hankins,* there was no error in failing to give a circumstantial evidence charge since there was direct evidence to support the conviction herein. Appellant's confession was introduced into evidence, and there was the testimony of an accomplice. See *Garza v. State,* 622 S.W.2d 85 (Tex.Cr.App.1981) and *Pinson v. State,* 598 S.W.2d 299 (Tex. Cr.App.1980). This ground is overruled.

■ In his sixteenth ground of error appellant complains that the court erred in instructing the jury that robbery is a felony because such an instruction is a direct comment on the weight of the evidence. In paragraph (1) of the jury instructions, the court charged as follows: "Our law provides that a person commits murder if he intentionally causes the death of an individual. A person commits capital murder if he intentionally causes the death of an individual while in the course of attempting to commit the offense of robbery. Robbery is a felony." We do not feel such instruction is an improper comment on the weight of the evidence. It is common knowledge and a matter of law that robbery is a felony offense. It is clear the trial court was attempting to clearly and properly charge the jury on the law applicable to the case. The court did not state that a robbery in fact had occurred. The ground of error is overruled.

■ In his seventeenth ground of error, appellant contends the trial court committed error in failing to grant the appellant's

motion for new trial because one of the jurors was not a qualified voter of Henderson County and such violated art. 35.16 of the Code of Criminal Procedure. We do not agree. Cindy Bolin during voir dire examination testified as to the town in which she lived. The defense counsel stated that he knew where the town was located. As it turned out, the juror did not realize that she actually did not live in Henderson County, but a mile or so into another county. From the record it appears she was honestly mistaken. Her mailing address is a rural route of a town in Henderson County. Cindy Bolin made the location of her residence known to defense counsel. There was no motion to strike for cause. We find no error. *See: Palasota v. State,* 460 S.W.2d 137 (Tex.Cr.App.1970). This ground of error is overruled.

The judgment of the trial court is affirmed.

COLLEY, Justice, concurring.

While I have no disagreement with the majority's view and its holdings in this case, I am persuaded that it is unwise to encourage the submission of charges to juries on both theories of criminal responsibility for the conduct of others set forth in Sections 7.02(a)(2) and 7.02(b) of the Penal Code in capital murder cases in which the indictment alleges capital murder pursuant to Section 19.03(a)(2). The charge in *English v. State,* 592 S.W.2d 949 (Tex.Cr.App.1980), and in this case are examples of the confusion which results from such submissions. In both *English* and this case the jury was not authorized to convict the defendant unless it found beyond a reasonable doubt that the evidence established that the defendant was criminally responsible for the conduct of another under *both* 7.02(a)(2) and 7.02(b), an unfair and unnecessary burden on the State. Also under *English* and *Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App.1978), the State is entitled to a charge on the law of parties embodied in Section 7.02(b) even though no criminal conspiracy is alleged in the indictment. This seems to me to result in allowing the State to prove up the of-

fense of criminal conspiracy against the defendant as defined in Section 15.02(a)(1), (2) and 15.02(b), and having done so, to employ the provisions of 7.02(b) to hold a defendant criminally responsible for the act of another without fair notice to the defendant. Such a practice permits the State to "convict" the defendant of criminal conspiracy so that the provisions of 7.02(b) become applicable to establish his responsibility for the acts or conduct of others involved in the conspiracy, all without any allegation in the indictment to put the defendant on notice thereof.

It is my opinion that Section 7.02(b) should logically be applicable only to capital murder cases in which the indictment alleges criminal conspiracy to commit or to attempt to commit one of the felonies listed in 19.03(a)(2), viz., kidnapping, burglary, robbery, aggravated rape or arson. Then, where the evidence so justifies, a jury could convict such a defendant of "... the felony actually committed...." to-wit, capital murder.

For the reasons stated, I believe the legislature should consider removing 7.02(b) from Chapter 7 of the Penal Code and placing it in Chapter 15 as a subdivision to Section 15.02, Criminal Conspiracy, where it appropriately belongs.