**Opinion filed March 11, 2010**



## In The

# Eleventh Court of Appeals

_____

## No. 11-08-00221-CR

_____

### JOE DEAN SEGLER, JR., Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. 21671**

### M E M O R A N D U M   O P I N I O N

The jury convicted Joe Dean Segler, Jr. of sexual assault of a child and assessed his punishment at twenty years confinement and a $10,000 fine. We affirm.

### I.  Introduction

Segler and his girlfriend, Latasha Koger, lived in an apartment with Eric William Vinson. Segler's sixteen-year-old nephew, N.H., came to the apartment. The State alleged that, while N.H. was there, Segler forced Koger to have oral sex with N.H.

## II. Issues

Segler challenges his conviction with three issues. First, Segler contends that the trial court erred by submitting a charge on the law of parties. Second, Segler asserts that the trial court admitted hearsay evidence during the punishment phase. Finally, Segler argues that the trial court impermissibly admitted opinion testimony on his status as a continuing threat to society.

## III. Discussion

*A. The Jury Charge*.

Segler contends that the trial court erred by instructing the jury on the law of parties because this instruction injected an element for the jury's consideration that was not included in the indictment. Segler acknowledges that *Blanco v. State*, 641 S.W.2d 532 (Tex. Crim. App. 1982), authorizes the trial court to do so, but he asks this court to reexamine the issue. Segler argues that including an unindicted element in the charge constitutes a comment on the weight of the evidence. We cannot overturn a Texas Court of Criminal Appeals decision. Because the trial court's charge is authorized by *Blanco*, Issue One is overruled.

*B. Opinion Testimony*.

Next, Segler argues that the trial court erred by allowing Brack Dempsey, a Community Supervisor and Officer for the Eastland County Community Supervision and Correction Department, to express the opinion that Segler was a continuing threat to society. Dempsey testified that he was not prepared to express an opinion about general behavior patterns of people on probation for sex-related crimes. The State, however, asked Dempsey:

> Based upon your training and experience, sir, if someone doesn't comply with your bond conditions in a serious case of this nature, do you have an opinion as to whether or not they would be a continuing threat to society?

Dempsey responded, "Absolutely." Segler objected, and the trial court overruled his objection. Immediately after the trial court's ruling, Dempsey explained his answer by saying, "I can't imagine how a person would be able to comply with conditions of probation if they're not willing to comply with conditions of bond, which would make them a threat to society."

We review a trial court's decision to admit evidence for an abuse of discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim App. 2006). TEX. R. EVID. 701 allows lay opinions when

they are rationally based upon the witness's perception and when they are helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. *See Solomon v. State*, 49 S.W.3d 356, 364 (Tex. Crim. App. 2001). Dempsey was trained to supervise people on community supervision for sex-related crimes, had a college degree in criminal justice, and was currently supervising several sex offenders. He was familiar with Segler. When Segler was released on bond, his case was transferred to Ector County for convenience because Segler had moved to Odessa. Segler, however, never reported, and Ector County officials were unable to find him.

The trial court did not abuse its discretion by admitting Dempsey's testimony. Dempsey's conclusion that Segler's inability to comply with the conditions of his bond suggested that he would be unable to comply with the conditions of community supervision and, thus, would present a threat to society was rational and was helpful to the jury's determination of Segler's punishment. Issue Three is overruled.

*C. Punishment Evidence.*

During the punishment phase, the State offered into evidence the order setting Segler's bail and imposing conditions pending trial and a motion to find Segler's bond insufficient. Segler objected, contending that they were hearsay. The trial court overruled Segler's objections and admitted both documents. Segler challenges these rulings.

The order and motion were introduced during Dempsey's examination. He identified the bail order as a document concerning Segler, testified that it was maintained in his files, and characterized it as a business record. He also identified the motion to find Segler's bond insufficient as a business record, testified that he maintained it in his file, and confirmed that he relied upon it in his supervision of Segler. The State noted that this motion was certified by the clerk of the justice court.

The State attempted to establish both documents as business records pursuant to TEX. R. EVID. 803(6). Dempsey's testimony was brief and short on detail. However, even if the trial court erred by finding that they were admissible as business records, Segler has shown no harm. The State offered the bail order to evidence the conditions Segler was required to obey pending trial and the motion as evidence of his failure to comply with these conditions. Dempsey's testimony was sufficient to establish that he was familiar with the conditions of Segler's bail and Segler's conduct

3

while on bail.  Thus, even if the documents themselves were inadmissible, Dempsey could testify as to the substance of those documents.  Issue Two is overruled.

IV. Holding

The judgment of the trial court is affirmed.

RICK STRANGE

JUSTICE

March 11, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.