Opinion filed March 11,
2010

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-08-00221-CR

                                                                   __________

 

                                          JOE DEAN SEGLER, JR., Appellant

 

                                                                            V.

 

                                                 STATE OF TEXAS, Appellee



 

 

                                             On
Appeal from the 91st District Court

 

                                                          Eastland
County, Texas

 

                                                      Trial
Court Cause No. 21671



 

                                            M
E M O R A N D U M   O P I N I O N

 

            The
jury convicted Joe Dean Segler, Jr. of sexual assault of a child and assessed
his punishment at twenty years confinement and a $10,000 fine.  We affirm.

I.      
Introduction

Segler
and his girlfriend, Latasha Koger, lived in an apartment with Eric William Vinson. 
Segler’s sixteen-year-old nephew, N.H., came to the apartment.  The State
alleged that, while N.H. was there, Segler forced Koger to have oral sex with
N.H. 

II.   
Issues

Segler
challenges his conviction with three issues.  First, Segler contends that the
trial court erred by submitting a charge on the law of parties.  Second, Segler
asserts that the trial court admitted hearsay evidence during the punishment
phase.  Finally, Segler argues that the trial court impermissibly admitted
opinion testimony on his status as a continuing threat to society.

III.
 Discussion

A.
The Jury Charge.

Segler
contends that the trial court erred by instructing the jury on the law of
parties because this instruction injected an element for the jury’s
consideration that was not included in the indictment. Segler acknowledges that
Blanco v. State, 641 S.W.2d 532 (Tex. Crim. App. 1982), authorizes the
trial court to do so, but he asks this court to reexamine the issue.  Segler argues
that including an unindicted element in the charge constitutes a comment on the
weight of the evidence.  We cannot overturn a Texas Court of Criminal Appeals
decision.  Because the trial court’s charge is authorized by Blanco, Issue
One is overruled.

B.
Opinion Testimony.

Next,
Segler argues that the trial court erred by allowing Brack Dempsey, a Community
Supervisor and Officer for the Eastland County Community Supervision and
Correction Department, to express the opinion that Segler was a continuing
threat to society.  Dempsey testified that he was not prepared to express an
opinion about general behavior patterns of people on probation for sex-related
crimes.  The State, however, asked Dempsey:

Based
upon your training and experience, sir, if someone doesn’t comply with your
bond conditions in a serious case of this nature, do you have an opinion as to
whether or not they would be a continuing threat to society?

 

Dempsey
responded, “Absolutely.”  Segler objected, and the trial court overruled his
objection.  Immediately after the trial court’s ruling, Dempsey explained his
answer by saying, “I can’t imagine how a person would be able to comply with
conditions of probation if they’re not willing to comply with conditions of
bond, which would make them a threat to society.”

We
review a trial court’s decision to admit evidence for an abuse of discretion.  Oprean
v. State, 201 S.W.3d 724, 726 (Tex. Crim App. 2006).  Tex. R. Evid. 701 allows lay opinions
when they are rationally based upon the witness’s perception and when they are
helpful to a clear understanding of the witness’s testimony or the
determination of a fact in issue.  See Solomon v. State, 49 S.W.3d 356,
364 (Tex. Crim. App. 2001).  Dempsey was trained to supervise people on community
supervision for sex-related crimes, had a college degree in criminal justice,
and was currently supervising several sex offenders.  He was familiar with
Segler.  When Segler was released on bond, his case was transferred to Ector
County for convenience because Segler had moved to Odessa.  Segler, however,
never reported, and Ector County officials were unable to find him.

The
trial court did not abuse its discretion by admitting Dempsey’s testimony. Dempsey’s
conclusion that Segler’s inability to comply with the conditions of his bond suggested
that he would be unable to comply with the conditions of community supervision
and, thus, would present a threat to society was rational and was helpful to
the jury’s determination of Segler’s punishment.  Issue Three is overruled.

C. Punishment Evidence.

During
the punishment phase, the State offered into evidence the order setting
Segler’s bail and imposing conditions pending trial and a motion to find
Segler’s bond insufficient.  Segler objected, contending that they were
hearsay.  The trial court overruled Segler’s objections and admitted both
documents.  Segler challenges these rulings.

The
order and motion were introduced during Dempsey’s examination.  He identified
the bail order as a document concerning Segler, testified that it was maintained
in his files, and characterized it as a business record.  He also identified
the motion to find Segler’s bond insufficient as a business record, testified that
he maintained it in his file, and confirmed that he relied upon it in his
supervision of Segler.  The State noted that this motion was certified by the
clerk of the justice court.

The
State attempted to establish both documents as business records pursuant to Tex. R. Evid. 803(6).  Dempsey’s testimony
was brief and short on detail.  However, even if the trial court erred by
finding that they were admissible as business records, Segler has shown no
harm.  The State offered the bail order to evidence the conditions Segler was
required to obey pending trial and the motion as evidence of his failure to
comply with these conditions.  Dempsey’s testimony was sufficient to establish
that he was familiar with the conditions of Segler’s bail and Segler’s conduct 

 

while on bail. 
Thus, even if the documents themselves were inadmissible, Dempsey could testify
as to the substance of those documents.  Issue Two is overruled.

IV. Holding

The judgment of the trial court is affirmed.

 

 

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

 

March 11, 2010

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J.