SAMUEL LOVETT v. THE STATE.

An attempt to commit a crime is defined to be an endeavor to accomplish it, carried beyond mere preparation, but falling short of the ultimate design, in any part of it.

See this case for evidence which was held to be insufficient to sustain a conviction for attempting to steal or entice away a slave.

Appeal from Upshur.   Tried below before the Hon. Charles A. Frazer.

Indictment, one count for an attempt to steal a slave, another for an attempt to entice the slave away.   The defendant was convicted, and the punishment assessed at three years confinement in the penitentiary.   A motion for a new trial was overruled.   The evidence was as follows :

The State introduced one Shepperd, who testified that about the last of December, A. D. 1856, or first of January, A. D., 1857, he was informed by his brother that a traveller by the name of Cleaves had informed him (Shepperd's brother) that one Sam, a negro slave, the property of one Brown, had met him in the road and told him that a man by the name of Lovett

had promised to take a boy or man named Jack, the property of Brown, away from the country. That sometime thereafter, either in December, 1856, or January, 1857, witness and several other persons went to Brown's house, and with the consent of said Brown, took the said slave Jack some three or four miles to the ferry of Lovett, on the Sabine river ; that they caused Jack to expose himself upon the bank of the river with a light ; that after some conversation between the slave and Lovett about the locality of the boat, Lovett came over to where the negro was ; that witness and another person had given the slave Jack ten dollars and seventy-five cents, with instructions to show the same to Lovett ; that the slave did so, with the request that Lovett would count the money; Lovett did so—announced the true amount of the money, and handed it back to the slave. Lovett said that all he had been waiting for was money to carry them off ; Jack said that another boy, Mart, had lots of money ; and it was agreed that Lovett, Jack and Mart should meet at the river the next Saturday night, to make some arrangement about leaving the next Spring. Defendant and Jack had agreed to cross the river to fix up the matter, and had started towards the boat when witness and others arrested him.

Cross examination disclosed nothing materially differing from the foregoing.

The prosecution next introduced Duncan as a witness in behalf of the State, who testified that he accompanied the said Shepperd at the time that Jack was carried to Lovett's crossing ; that he, (witness), Shepperd and another, secreted themselves in a ravine some twenty feet from where Jack and defendant were conversing ; that he heard Lovett say he had been waiting for money ; and heard something said by Lovett about going off with Jack in the Spring. He was not lying so close to Lovett as was Mr. Shepperd, and did not hear all that was said. Lovett and Jack started towards boat, when witness, with the others, arrested Lovett. Here the State

closed, and defendant not introducing any testimony the case was put to the jury.

*N. H. Wilson*, for appellant, cited 1 Bouv. L. Dic. 138, and argued that the benefit of the *locus penitentiæ* should be allowed the appellant.

*Attorney General*, for appellee. An attempt to entice a slave from the possession of his master may be constituted by a series of acts, having that object in view, and transpiring at various times. There is no very good reason, perceptible to my mind, in the distinction drawn between an attempt to persuade a slave to leave his master's service immediately, and attempt to induce such an abandonment at a future day. Had the slave in the present case, actually absconded, the offence of *enticing* would have been complete. Suppose the slave, instead of having been prevented by detection in this case, had through the influence of the defendant, made his escape at the future day contemplated. Could it be held that as these efforts to entice away did not have, and were not intended to produce an immediate result, the defendant was guiltless of the offence ? It does not seem to me that this view can be sustained. The crime is certainly complete if, under the influence of persuasion or other means, (though brought to bear at a former period,) a slave is enticed from the service of his master. When thwarted in the object, the offence comes within the definition of an *attempt to entice.*

WHEELER, J. To "attempt," is to make an effort to effect some object ; to try, to endeavor, to use exertion for some purpose. (Webster's Dic.) An attempt necessarily implies an exertion or effort. There is no evidence of any such exertion, effort, or attempt to steal or entice away the slave from his owner in this case. The evidence affords strong circumstances of suspicion. But that is not sufficient to convict of crime.

The time proposed for consummating the crime was so distant as to render it very doubtful whether the accused had fully resolved upon the commission of the act. There was ample room for the *locus penitentiæ*, before making a final decision. It would be too much to say he would not have awakened to a just sense of the enormity of the crime, and relented before the proposed time for its perpetration arrived. He may have meditated the stealing or enticing away of the slave; that is uncertain ; for he may have had a very different purpose : but it would be quite too much to affirm, upon the evidence in the case, that he actually attempted it. The most that can be affirmed, as a conclusion warranted by the evidence, is, that he was making preparations to steal the negro ; and that falls short of an attempt to do so. An attempt to commit a crime is defined to be an endeavor to accomplish it, carried beyond mere preparation, but falling short of the ultimate design, in any part of it. (Bouv. L. Dic. " Attempt.") However suspicious, culpable and mischievous the conduct of the accused, we are constrained to conclude it does not afford evidence sufficient to amount to proof of his guilt of the crime of which he is charged, and consequently that the evidence is not sufficient to support the conviction. The judgment must, therefore, be reversed and the cause remanded for a new trial.

Reversed and remanded.