**Romeo Roman SOLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–224–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 9, 1986.

Fernando Mancias, McAllen, for appellant.

Theodore C. Hake, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for attempted capital murder. The appellant urges four points of error on appeal. We find them without merit and therefore affirm.

Appellant's first ground of error contends that the trial court should have quashed his indictment because it failed to allege attempted capital murder. The relevant part of the indictment reads:

ROMEO ROMAN SOLIS ... did then and there with the specific intent to commit the offense of murder, intentionally and knowingly attempt to cause the death of an individual, NOE GARZA, a peace officer, by shooting him with a gun, said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended, and the said ROMEO ROMAN SOLIS then and there knew the said NOE GARZA was a peace officer, to-wit: a City of Alamo police officer who was acting in the lawful discharge

of an official duty, to-wit: attempting to effect the arrest of the said ROMEO ROMAN SOLIS....

Appellant argues that the language "with the specific intent to commit the offense of murder" is insufficient to charge attempted *capital* murder under the criminal attempt statute, TEX. PENAL CODE ANN. § 15.01 (Vernon Supp.1985). However, in *Ex parte Pousson*, the Court of Criminal Appeals held that "an indictment charging one with an attempt to cause the death of a police officer with the specific intent to commit the offense of murder sufficiently alleges the offense of attempted capital murder." *Id.* at 599 S.W.2d 820, 822 (Tex.Crim.App.1980); *see also Pitts v. State*, 569 S.W.2d 898, 899 (Tex.Crim.App. 1978); *Dovalina v. State*, 564 S.W.2d 378, 381 (Tex.Crim.App.1978).

■ Capital murder is defined in TEX. PENAL CODE ANN. § 19.03 (Vernon Supp.1985) as murder *and* some additional fact or facts. In this case, the additional facts were that the intended victim was a peace officer, that the accused knew this fact, and that the police officer was acting in the lawful discharge of his duty. *Id.* at § 19.03(a)(1). These additional facts were alleged in the indictment immediately after it alleged the specific intent to commit murder. Thus the indictment of appellant more closely tracked the statute than the indictments found adequate in the cases above. Appellant's first ground of error is overruled.

■ Appellant's second ground of error complains that the trial court refused to submit his requested instruction that the jury not consider illegally obtained evidence. Appellant claims that inclusion of this instruction is required because of evidence that the arrest warrant which Officer Garza and others were trying to execute on appellant was illegally obtained, citing *Murphy v. State*, 640 S.W.2d 297 (Tex.Crim.App.1982); TEX. CODE CRIM. PROC.ANN. art. 38.23 (Vernon 1979). Discussing the mandatory jury instruction requirement of art. 38.23, *Murphy* states at 299, "The only question is whether under

the facts of a particular case an issue has been raised by the evidence so as to require a jury instruction." Appellant seizes on this "only question" language and apparently reads it as requiring submission of any issue, no matter how collateral.

Officer Noe Garza was attempting to serve a warrant on the appellant when the appellant fled. Officer Garza chased him for several blocks, and eventually he caught up with him. A scuffle ensued, and appellant got on top of Officer Garza and said, "Garza, I'm not going with you, even if I have to kill one of you guys." The scuffle resumed, and appellant shot Officer Garza through the liver. Appellant contends that, based on some evidence that the underlying arrest warrant was not signed by the magistrate, the jury should have been instructed to disregard any evidence illegally obtained.

We are unable to see how a defect in the underlying arrest warrant has any legal effect on appellant's attempt to murder Officer Garza. Texas law expressly provides that the illegality of an arrest is no defense to prosecution for resisting arrest. TEX. PENAL CODE ANN. § 38.03(b) (Vernon 1974). Certainly, trying to kill the arresting officer would be no more protected. Moreover, no evidence came in as a result of the arrest warrant. Once the appellant used force against Officer Garza, the legality of the arrest warrant became immaterial, because he was resisting arrest. The trial court did not err in refusing appellant's requested instruction. Appellant's second ground of error is also overruled.

Appellant's third ground of error contends that the indictment should have been quashed because the criminal attempt statute, TEX. PENAL CODE ANN. § 15.01(a) (Vernon Supp.1986), is unconstitutionally vague. Section 15.01(a) provides, "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." The vagueness doctrine requires that penal statutes

be written "so that ordinary people can understand what conduct is prohibited, and in a manner that does not encourage arbitrary and discriminatory enforcement." *Clark v. State,* 665 S.W.2d 476, 482 (Tex. Crim.App.1984). Stated another way, a statute is unconstitutionally vague "if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute ... and if it encourages arbitrary and erratic arrests and convictions." *Goocher v. State,* 633 S.W.2d 860, 865 (Tex.Crim.App.1982).

While the time-honored definition of criminal attempt [1] does not make it clear at what point an attempt has occurred in each of an infinite number of possible fact situations, "we need only scrutinize [§ 15.01(a)] to determine whether it is impermissibly vague *as applied to appellant's conduct.*" *Clark,* 665 S.W.2d at 483 (emphasis added). *Clark* relies on *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), which states at 495, 102 S.Ct. at 1191, "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law" (footnote omitted).

The evidence in the present case shows that appellant shot Officer Noe Garza with a gun. The act of shooting someone is unquestionably "more than mere preparation," and also "tends but fails to effect" the completed offense. As appellant does not and cannot contend that § 15.01 is unconstitutionally vague as applied to him, his third ground of error is overruled.

Appellant's fourth ground of error complains that the indictment should have been quashed, or a hearing should have been conducted, because the grand jury might have returned the indictment without hearing "all the testimony which is accessible."

1. *See Lovett v. The State,* 19 Tex. 174 (1857).

TEX. CODE CRIM.PROC.ANN. art. 20.19 (Vernon 1977). In *Tarpley v. State*, 565 S.W.2d 525 (Tex.Crim.App.1978), the appellant argued that the grand jury did not consider all the available testimony before it returned an indictment against him. The Court refused to "go behind the actions of the grand jury to determine whether sufficient evidence existed to justify the return of an indictment." *Id.* at 532. We have also refused to second-guess the grand jury in this type of situation. *Burkhalter v. State*, 655 S.W.2d 215, 223 (Tex.App.—Corpus Christi 1982), *pet. dism'd as improvidently granted*, 655 S.W.2d 208 (Tex.Crim. App.1983). Appellant's fourth and final ground of error is overruled.

The judgment of the trial court is affirmed.