**Larry Charles PITTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53428.**

Court of Criminal Appeals of Texas, En Banc.

July 19, 1978.

Rehearing En Banc Denied Sept. 20, 1978.

James A. Moore and Charles Herndon, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Timothy P. Alexander, Asst. Dist. Attys., Houston, for the State.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for attempted capital murder; punishment was

assessed at imprisonment for twenty-seven years.

■ Appellant asserts that: (1) the charge submitted to the jury authorized the appellant's conviction under a theory not alleged in the indictment; (2) the charge failed to apply the law of parties to the facts of the case; and (3) there is a fatal variance between the allegations of the indictment and the evidence.

The indictment alleges that the appellant:

". . . did then and there unlawfully attempt to intentionally and knowingly cause the death of S. L. Serres, by shooting him with a gun, the said S. L. Serres being a peace officer acting in the lawful discharge of an official duty and the said LARRY CHARLES PITTS then and there knew the said Complainant was a peace officer."

This allegation is sufficient to charge the offense of attempted capital murder. *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App. 1978); *Telfair v. State*, 565 S.W.2d 522 (Tex.Cr.App.1978); V.T.C.A. Penal Code, Secs. 15.01(a) and 19.03(a)(1).

The charge that was submitted to the jury included instructions on the law of capital murder and definitions of attempt, intent, and knowledge. The court also instructed the jury on the law of parties or criminal responsibility for the acts of another, criminal conspiracy, and renunciation of a conspiracy.

The court then in applying the law to the facts instructed the jury:

"Now, therefore, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of October, A.D., 1974, in the County of Harris and State of Texas, as alleged in the indictment, that the defendant, Larry Charles Pitts, had entered into and was attempting to carry out a conspiracy with Rudolph Glenn Roark to commit the offense of robbery, and you further find that either the defendant Larry Charles Pitts, or Rudolph Glenn Roark did then and there with a gun intentionally or know-ingly attempt to cause the death of S. L. Serres, by shooting him with a gun, knowing at the time that S. L. Serres was a peace officer acting in the lawful discharge of an official duty, as alleged in the indictment, and you further find that such attempt was committed, if it was, in furtherance of the original unlawful purpose of the defendant, Larry Charles Pitts, and Rudolph Glenn Roark, to commit the offense of robbery and was such an offense as should have been anticipated as a result of carrying out the conspiracy to commit the offense of robbery and you further find that Larry Charles Pitts had not voluntarily and completely renounced the criminal objective, as hereinbefore defined, then you will find the defendant, Larry Charles Pitts, guilty of attempted capital murder."

This charge allowed the jury to find the appellant guilty either if he fired the shot which struck the officer or as a party to the offense if Roark fired the shot which struck the officer.

The appellant asserts that since the indictment failed to allege he was a party to the offense and criminally responsible for the conduct of another, the court erred in submitting the charge to the jury which allowed his conviction on that theory. The law of parties is stated in V.T.C.A. Penal Code, Sec. 7.01, which provides:

"(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"(b) Each party to an offense may be charged with commission of the offense.

"(c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

And Sec. 7.02(b) provides:

"(a) . . .

"(b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspir-

ators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy."

 In the new penal code, the legislature eliminated the distinction between principals and accomplices and the attendant complexities in drafting indictments. Under the former code it was not necessary to allege the facts to show that a defendant was a principal; a principal offender could be charged directly with the commission of the offense although it was not actually committed by him; e. g., *Baker v. State*, 131 Tex.Cr.R. 626, 101 S.W.2d 816 (1937); *Coots v. State*, 110 Tex.Cr.R. 105, 7 S.W.2d 539 (1928); *Quillin v. State*, 79 Tex.Cr.R. 497, 187 S.W. 199 (1916); *Madrid v. State*, 71 Tex.Cr.R. 420, 161 S.W. 93 (1913); and V.T.C.A. Penal Code, Sec. 7.01(c) now plainly requires that we hold a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. If the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such allegation in the indictment.

 The appellant also complains that the law of parties was not applied to the facts of the case. Since this is not a fundamental error and since there was no objection to the court's charge nothing is presented for review. *Romo v. State*, 568 S.W.2d 298, Tex.Cr.App. (No. 52,806, delivered July 19, 1978); *Mott v. State*, 543 S.W.2d 623 (Tex.Cr.App.1976). Moreover, the evidence supports and the charge authorizes the jury to find that the appellant himself shot the officer; there is no need to rely on the theory of parties to support the conviction. *Durham v. State*, 112 Tex.Cr.R. 395, 16 S.W.2d 1092 (1929); *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr.App.1974).

 The appellant's remaining contention is that:

"The trial court committed reversible error in failing to grant Defendant's First Amended Motion for New Trial based on the grounds that the verdict of the jury is contrary to the law and to the evidence in that there existed a fatal variance between the allegations in the indictment and the State's evidence in that the State alleged the Defendant did unlawfully attempt to intentionally and knowingly cause the death of S. L. Serres, by shooting him with a gun, while the State's evidence showed only that if there was an attempt to cause the death of S. L. Serres, it was committed in an attempt to carry out a conspiracy to commit robbery by one of two conspirators and ·that this Defendant was allegedly one of the conspirators."

In the late evening on October 12, 1974, appellant and Rudolph Roark disguised themselves with makeup and Afro wigs to give the appearance that they were black men; armed with several weapons, they went to the Delman Theater in Houston in furtherance of a conspiracy to rob the manager of the theater. The robbery attempt was aborted when appellant and Roark were observed and the police were called. A shoot-out ensued during which Police Sgt. S. L. Serres was shot. When Sgt. Serres arrived at the theater and took charge, he ordered the two men to drop their weapons and come out of the place where they were concealed. There were two shots fired in quick succession, one of which struck Serres. The appellant testified that he did not shoot at the officer. Since the jury need not believe appellant's testimony, the evidence would permit the jury to believe that either the appellant or Roark fired the shot which struck Serres.

We do not find a fatal variance between the allegations of the indictment and the evidence; and we find the evidence sufficient to support the conviction.

The judgment is affirmed.

ONION, P. J., and ROBERTS, ODOM and PHILLIPS, JJ., dissent for the reasons

stated in the dissenting opinion in *Romo v. State*, 568 S.W.2d 298, Tex.Cr.App. (No. 52,-806) decided this day.