**Richard Gene IGO, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–014–CR.**

Court of Appeals of Texas, Fort Worth.

Jan. 14, 1987.

Smith, Douglass & Cook and S. Price Smith, Jr., Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty., Wichita Falls, for the State.

Before HOPKINS, FARRIS and KELTNER, JJ.

## OPINION

HOPKINS, Justice.

Appellant, Richard Gene Igo, has appealed his jury conviction for the offense of burglary of a habitation, enhanced by one prior felony conviction. *See* TEX.PENAL CODE ANN. sec. 30.01–.02 (Vernon 1974). Punishment was assessed by the jury at confinement in the Texas Department of Corrections for fifty-five years. Both of appellant's two points of error are overruled and the judgment is affirmed.

Upon coming home to his third story apartment and unlocking his front door, the complaining witness, Huffines, noticed that the dead bolt was unlocked and there obviously had been tampering with the spring lock. He telephoned the police and went downstairs to report to the manager that a burglary had been committed. After reporting the crime and as he headed back up to his apartment, he met two men descending the stairs carrying his stereo and other property items. Huffines identified one of the two men as the appellant, Igo. He watched the two enter a car and noted its description and license number which was given to the police upon their arrival. A radio bulletin was issued. The vehicle was observed by other police officers and a high speed chase ensued. Appellant, driver of the vehicle, ran several stoplights and when converged upon by the police, abandoned his vehicle and continued to elude officers on foot by jumping two chain-link fences before being apprehended. The vehicle driven by appellant and later abandoned, contained some of the items taken in the burglary. The second man observed at the scene of the burglary was never apprehended. During the guilt-innocence stage of the trial, appellant did not testify nor present any witnesses.

The indictment charging appellant with the offense alleged in part that appellant "knowingly and intentionally personally enter[ed] a habitation without" consent. After the State rested its case, the trial court overruled appellant's motion for an instructed verdict of not guilty because of insufficient evidence that appellant *personally* entered the apartment. Appellant's objection to that portion of the court's charge pertaining to the law of parties was also overruled by the trial court. The appellant's contention was that since the indictment alleged that he personally entered a habitation, it was improper for the trial court to permit the jury to convict appellant based on the law of parties.

Appellant's first point of error asserts that the trial court erred in submitting a charge that allowed the jury to convict on a theory not alleged in the indictment. He asserts that the indictment alleges that he personally entered the apartment and thereby, forecloses a charge on the law of parties.

The law of parties is found in TEX.PENAL CODE ANN. sec. 7.01 (Vernon 1974). A contention similar to that made by appellant was rejected by the Court of Criminal Appeals in *Pitts v. State,* 569 S.W.2d 898 (Tex.Crim.App.1978) (en banc). In *Pitts* the defendant and another man committed an armed robbery. During the course of that robbery a police officer was shot and killed. The indictment alleged that:

[Pitts] did then and there unlawfully attempt to intentionally and knowingly cause the death of S.L. Serres, by shooting him with a gun, the said S.L. Serres being a peace officer acting in the lawful discharge of an official duty and the said LARRY CHARLES PITTS then and there knew the said Complainant was a peace officer.

*Id.* at 899. However, when charging the jury in the guilt or innocence phase of the trial, the judge instructed the jury in accordance with section 7.01 that the jury could find the defendant guilty if they found either that: (1) he committed the act charged; or (2) he was criminally responsible for the act of another under section 7.01. The Court of Criminal Appeals notes that section 7.01 of the Penal Code eliminated the complex set of distinctions between principals and accomplices. These distinctions led to an overly vague and complex indictment. As such the Court held

that the case law under section 7.01 "now plainly requires that we hold a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another." *Id.* at 900. The Court concludes: "[i]f the *evidence* supports a charge on the law of parties, ... the court may charge on the law of parties even though there is no such allegation in the indictment." *Id.* [Emphasis added.]

We find the situation presented in *Pitts* similar to that presented by appellant. Like *Pitts,* appellant was charged with committing the crime. Like *Pitts,* the evidence did not establish that the appellant committed the crime as alleged in the indictment. There was evidence, however, which indicated that the appellant, like *Pitts,* was criminally liable for the crime as alleged under the criminal responsibility rules of section 7.01, i.e., the law of parties.

Facts presented at trial show that appellant acted in concert with another person. Furthermore, the facts show: (1) a burglary was committed; (2) that defendant was seen with another person leaving the premises with the property from the apartment; and (3) the pair were seen loading the property into an automobile driven by the appellant. The facts clearly indicate that the crime as charged was committed by one of the two individuals. These facts also are sufficient to raise an issue regarding the law of parties under section 7.01. We therefore hold that the charge relating to the law of parties was properly submitted to the jury and did not constitute a theory not alleged in the indictment. Appellant's first point of error is overruled.

We note that appellant relies heavily upon the Court of Appeals' opinion in *Williams v. State,* 684 S.W.2d 709 (Tex. App.—Amarillo 1983). This court is not misled by appellant's apparent failure to state that this opinion was reversed by the Court of Criminal Appeals in *Williams v. State,* 676 S.W.2d 399 (Tex.Crim.App.1984) (en banc).

In his brief and argument appellant cites many cases for the proposition that the State by pleading in the indictment facts more specific than those required by law holds the State to a higher burden of proof. Appellant asserts that the State foreclosed a charge on the law of parties by pleading specifics of offense. We reject this contention. The State must prove either of two situations. First, the State may prove that the appellant committed the crime as alleged. Second, the State may prove that the crime was committed as alleged *by someone* and that the appellant is criminally responsible for that person's conduct. Appellant may be convicted of "personally" entering the apartment even though he did not do so because as a matter of law he is as responsible for the crime under section 7.01 as is his cohort.

Appellant's second point of error asserts that there is insufficient circumstantial evidence to show that he personally entered the dwelling place of another. We overrule this point of error. As set out above, we hold that the law of parties was properly applied to the facts of this case. Therefore, it was unnecessary to show that appellant personally entered the apartment.

The judgment of the trial court is affirmed.