COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-04-484-CR

 

 

KENNETH DWAYNE AUGUST                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Kenneth Dwayne August of capital murder, and because the State waived the death
penalty, the trial court imposed an automatic life sentence.  Appellant brings three points on appeal,
challenging the legal sufficiency of the evidence, the instruction to the jury
on the law of parties, and the exclusion of a police offense report regarding
an offense involving one of the State=s witnesses.  Because we hold
that the evidence is legally sufficient to support Appellant=s conviction and that the trial court did not err, we affirm the trial
court=s judgment.

Legal
Sufficiency of the Nonaccomplice Testimony

In his first point, Appellant
contends that the evidence is legally insufficient to support his conviction
for capital murder as a principal or as a party under section 7.02(b) of the
Texas Penal Code.[2]  As the State points out, Appellant was also
charged as a party under section 7.02(a)(2).[3]  Section 7.02(a)(2) provides,

(a) A
person is criminally responsible for an offense committed by the conduct of
another if:

 

. . .

 

(2) acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts
to aid the other person to commit the offense.[4]

 

Even though Appellant does not specifically
address the legal sufficiency of the evidence under this parties= charge, we will do so in the interest of justice. Article 38.14 of the Texas Code of Criminal
Procedure provides that








[a]
conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the
offense committed; and the corroboration is not sufficient if it merely shows
the commission of the offense.[5]








In conducting a sufficiency
review under the accomplice-witness rule, the reviewing court must eliminate
the accomplice testimony from consideration and then examine the remaining
portions of the record to ascertain if there is any evidence that tends to
connect the accused with the commission of the crime.[6]  ATendency to connect@ rather than rational sufficiency is the standard;  the corroborating evidence need not be
sufficient by itself to establish guilt beyond a reasonable doubt.[7]  Nor is it necessary for the corroborating
evidence to directly link the accused to the commission of the offense.[8]  The accomplice-witness rule is a statutorily
imposed sufficiency review and is not derived from federal or state
constitutional principles that define the legal and factual sufficiency
standards.[9]  To satisfy the accomplice-witness rule, there
simply needs to be other evidence tending to connect the accused to the commission
of the offense.[10]

The nonaccomplice testimony
showed the following.  Carl Taylor, the
injured party, sold drugs out of an apartment at the Huntington Apartments in
Tarrant County, Texas.  LaWanda Moore,
Jodie Williams, and Appellant were all regular customers.  Jodie testified that before daylight on May
12, 2002, she went to Carl=s apartment to buy drugs.  She
saw Appellant outside of Carl=s apartment, and Appellant told Jodie that he was mad at Carl for a
drug deal gone bad and that he was going to Ajack@ Carl.  The term Ajack@ is slang
for rob.[11]  Jodie promised Appellant that she would not
tell anyone and walked back to the apartment at the Willows where she regularly
smoked crack.  Jodie testified that she
heard gunshots approximately five minutes later.








LaWanda wanted drugs but was
low on cash, so she was out hustling for money. 
When she had enough money, she returned to Carl=s apartment to buy more drugs. 
However, she saw police at the apartment and decided to walk to the
Willows instead.  A few minutes later,
she returned to the Huntington to find out what had happened.  After talking with one of Carl=s friends, LaWanda once again left for the apartment at the Willows,
but on her way, she saw Appellant and Marcus August, Appellant=s cousin.  Marcus was in a small
green car, and Appellant was standing on the sidewalk.  Appellant asked LaWanda where he could find
Jodie, and LaWanda replied that she would take him to Jodie in exchange for
some crack.  LaWanda then led Appellant
to the Willows, where he spoke with Jodie privately inside the apartment and
then gave both women crack.  LaWanda testified
that Appellant had dealer quantity crack. 
Jodie testified that Appellant told her that he had jacked Carl.

Tiffany Sauls testified that
in the early morning of May 12, 2002, Allan Powell was at her apartment when
Appellant and Marcus arrived and asked Allan to leave with them.  They returned around six or seven o=clock that same morning, accompanied by Derrick Price.  Tiffany noticed small blood spots on Marcus=s shirt.  Appellant, Marcus, and
Derrick left Tiffany=s
apartment.  When Appellant and Marcus
returned, Marcus offered Tiffany fifty dollars if she would tell him everything
that Allan had told her while Marcus was gone. 
She denied saying anything.








The police found Carl=s body in his apartment.  He had
been shot several times with a shotgun and a handgun.  After the crime scene at Carl=s apartment was processed, police allowed Rashid Porter, Carl=s brother and business partner, to walk through the apartment.  He told detectives that a .380 and a Tec-9
were missing from the apartment.  Officer
C.J. Brady, the arresting officer of Appellant and Marcus, testified that upon
arrest, Appellant was in possession of a .380 caliber semi-automatic handgun
and Marcus had a Tec-9.  In a photo
lineup, Rashid positively identified the two guns found in Appellant=s and Marcus=s possession
as the guns that were missing from Carl=s apartment. 

Several days after Carl=s death, LaWanda led police to the location of the green car that she
had seen Appellant and Marcus using on May 12, 2002.      Based on the applicable standard of review, we hold that the
nonaccomplice testimony tends to connect Appellant to the commission of both
the robbery and the murder and therefore the capital murder for which he was
convicted.  That is, the nonaccomplice
testimony sufficiently corroborates the accomplice testimony that Appellant,
Marcus, Allan, and Derrick decided to rob Carl and that Carl=s murder occurred during the robbery. 
We overrule Appellant=s first point.

Jury
Charge on the Law of Parties








In his second point,
Appellant complains that it was improper for the trial court to submit an
instruction to the jury on the law of parties because the indictment did not
contain a parties=
allegation.  It is well-settled law that
a trial court may submit a jury charge on the law of parties, even in the
absence of such an allegation in the indictment, if the evidence supports the
charge.[12]  As detailed above, the evidence supports the
parties= charge, and we decline Appellant=s request that we ignore the precedent set by the Texas Court of
Criminal Appeals.  Because the trial
court did not abuse its discretion by submitting a charge on the law of
parties, we overrule Appellant=s second point.

Exclusion
of Evidence








In Appellant=s third point, he complains that the trial court erred by excluding a
police offense report involving one of the State=s witnesses, LaWanda Moore, thereby denying him proper impeachment of
the witness. During cross-examination, defense counsel questioned LaWanda about
a possession of controlled substance offense that occurred after the commission
of the offense in the present case but before trial.  Defense counsel tried to show that the State
had offered LaWanda special consideration because of her status as a witness in
the present case and had secured a no-bill in her possession case although
there was no legal basis for it.  The
trial court excluded the police report and would not allow defense counsel to
question LaWanda about the facts of her arrest. 
The trial court allowed defense counsel to attempt to elicit testimony
from LaWanda that she had been arrested for possession of a controlled
substance and that the case against her was no-billed during the pendency of
Appellant=s case.

The State contends that the
trial court did not err by excluding the police offense report because it was
hearsay and did not meet the criteria to be admitted under rule 803(8)(C) of
the Texas Rules of Evidence, as it consisted of observations and conversations,
not factual findings.[13]  While we agree that the trial court did not
err, we reject the State=s reasoning.

Rule 803(8)(C) provides that Afactual findings resulting from an investigation made pursuant to
authority granted by law@ are
permissible Ain criminal
cases as against the state . . . unless the sources of information or other
circumstances indicate lack of trustworthiness.@[14]  In this case, portions of the
offense report contain factual findings resulting from the officer=s investigation of LaWanda.  The
factual findings are admissible even though the offense report in its entirety
is not admissible.[15]  That is, under rule 803(8)(C), Appellant
could properly offer into evidence the factual findings resulting from

 








the officer=s investigation to show possible bias or motive on behalf of the
witness, LaWanda.[16]

Appellant, however, offered
the entire report, including the part that was inadmissible.  The trial court is not obligated to sift
through the entire report to separate the admissible evidence from the
inadmissible evidence.[17]  That is the obligation of the party offering
the evidence.[18]  Because Appellant did not limit his offer to
the admissible portions of the report, the trial court did not err by excluding
the entire report.[19]  We overrule Appellant=s third point.

Conclusion

Having overruled Appellant=s three points, we affirm the trial court=s judgment.

PER CURIAM

PANEL F:    DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 4, 2006











[1]See Tex.
R. App. P. 47.4.





[2]Tex. Penal
Code Ann. ' 7.02(b) (Vernon 2003).





[3]Id. ' 7.02(a)(2).





[4]Id.





[5]Tex. Code
Crim. Proc. Ann art.
38.14 (Vernon 2005).





[6]Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim.
App. 2001); Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App.
1997).





[7]Solomon, 49 S.W.3d at 361; Cathey v.
State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999), cert. denied, 528
U.S. 1082 (2000).





[8]Cathey, 992 S.W.2d at 462.





[9]Id. at 462-63.





[10]See id. at 463.





[11]See Solomon, 49 S.W.3d at 360.





[12]Pitts v. State, 569 S.W.2d 898, 900 (Tex. Crim.
App. 1978); see also Marable v. State, 85 S.W.3d 287, 287 (Tex. Crim.
App. 2002).





[13]See Tex. R.
Evid. 803(8)(C).





[14]Id.





[15]See id.; see generally Tex. R. Evid. 105.





[16]See Tex. R.
Evid. 803(8)(C).





[17]Sauceda v. State, 129 S.W.3d 116, 124 (Tex. Crim.
App. 2004).





[18]Id.





[19]See id.