Kenneth Dwayne August v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-484-CR

KENNETH DWAYNE AUGUST APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Kenneth Dwayne August of capital murder, and because the State waived the death penalty, the trial court imposed an automatic life sentence.  Appellant brings three points on appeal, challenging the legal sufficiency of the evidence, the instruction to the jury on the law of parties, and the exclusion of a police offense report regarding an offense involving one of the State’s witnesses.  Because we hold that the evidence is legally sufficient to support Appellant’s conviction and that the trial court did not err, we affirm the trial court’s judgment.

Legal Sufficiency of the Nonaccomplice Testimony

In his first point, Appellant contends that the evidence is legally insufficient to support his conviction for capital murder as a principal or as a party under section 7.02(b) of the Texas Penal Code.
(footnote: 2)  As the State points out, Appellant was also charged as a party under section 7.02(a)(2).
(footnote: 3)  Section 7.02(a)(2) provides,

(a) A person is criminally responsible for an offense committed by the conduct of another if:

. . .

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.
(footnote: 4)

Even though Appellant does not specifically address the legal sufficiency of the evidence under this parties’ charge, we will do so in the interest of justice. Article 38.14 of the Texas Code of Criminal Procedure provides that

[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.
(footnote: 5)
 In conducting a sufficiency review under the accomplice-witness rule, the reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to ascertain if there is any evidence that tends to connect the accused with the commission of the crime.
(footnote: 6)  “Tendency to connect” rather than rational sufficiency is the standard;  the corroborating evidence need not be sufficient by itself to establish guilt beyond a reasonable doubt.
(footnote: 7)  Nor is it necessary for the corroborating evidence to directly link the accused to the commission of the offense.
(footnote: 8)  The accomplice-witness rule is a statutorily imposed sufficiency review and is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards.
(footnote: 9)  To satisfy the accomplice-witness rule, there simply needs to be other evidence tending to connect the accused to the commission of the offense.
(footnote: 10)
 The nonaccomplice testimony showed the following.  Carl Taylor, the injured party, sold drugs out of an apartment at the Huntington Apartments in Tarrant County, Texas.  LaWanda Moore, Jodie Williams, and Appellant were all regular customers.  Jodie testified that before daylight on May 12, 2002, she went to Carl’s apartment to buy drugs.  She saw Appellant outside of Carl’s apartment, and Appellant told Jodie that he was mad at Carl for a drug deal gone bad and that he was going to “jack” Carl.  The term “jack” is slang for rob.
(footnote: 11)  Jodie promised Appellant that she would not tell anyone and walked back to the apartment at the Willows where she regularly smoked crack.  Jodie testified that she heard gunshots approximately five minutes later.

LaWanda wanted drugs but was low on cash, so she was out hustling for money.  When she had enough money, she returned to Carl’s apartment to buy more drugs.  However, she saw police at the apartment and decided to walk to the Willows instead.  A few minutes later, she returned to the Huntington to find out what had happened.  After talking with one of Carl’s friends, LaWanda once again left for the apartment at the Willows, but on her way, she saw Appellant and Marcus August, Appellant’s cousin.  Marcus was in a small green car, and Appellant was standing on the sidewalk.  Appellant asked LaWanda where he could find Jodie, and LaWanda replied that she would take him to Jodie in exchange for some crack.  LaWanda then led Appellant to the Willows, where he spoke with Jodie privately inside the apartment and then gave both women crack.  LaWanda testified that Appellant had dealer quantity crack.  Jodie testified that Appellant told her that he had jacked Carl.

Tiffany Sauls testified that in the early morning of May 12, 2002, Allan Powell was at her apartment when Appellant and Marcus arrived and asked Allan to leave with them.  They returned around six or seven o’clock that same morning, accompanied by Derrick Price.  Tiffany noticed small blood spots on Marcus’s shirt.  Appellant, Marcus, and Derrick left Tiffany’s apartment.  When Appellant and Marcus returned, Marcus offered Tiffany fifty dollars if she would tell him everything that Allan had told her while Marcus was gone.  She denied saying anything.

The police found Carl’s body in his apartment.  He had been shot several times with a shotgun and a handgun.  After the crime scene at Carl’s apartment was processed, police allowed Rashid Porter, Carl’s brother and business partner, to walk through the apartment.  He told detectives that a .380 and a Tec-9 were missing from the apartment.  Officer C.J. Brady, the arresting officer of Appellant and Marcus, testified that upon arrest, Appellant was in possession of a .380 caliber semi-automatic handgun and Marcus had a Tec-9.  In a photo lineup, Rashid positively identified the two guns found in Appellant’s and Marcus’s possession as the guns that were missing from Carl’s apartment. 

Several days after Carl’s death, LaWanda led police to the location of the green car that she had seen Appellant and Marcus using on May 12, 2002. Based on the applicable standard of review, we hold that the nonaccomplice testimony tends to connect Appellant to the commission of both the robbery and the murder and therefore the capital murder for which he was convicted.  That is, the nonaccomplice testimony sufficiently corroborates the accomplice testimony that Appellant, Marcus, Allan, and Derrick decided to rob Carl and that Carl’s murder occurred during the robbery.  We overrule Appellant’s first point.

Jury Charge on the Law of Parties

In his second point, Appellant complains that it was improper for the trial court to submit an instruction to the jury on the law of parties because the indictment did not contain a parties’ allegation.  It is well-settled law that a trial court may submit a jury charge on the law of parties, even in the absence of such an allegation in the indictment, if the evidence supports the charge.
(footnote: 12)  As detailed above, the evidence supports the parties’ charge, and we decline Appellant’s request that we ignore the precedent set by the Texas Court of Criminal Appeals.  Because the trial court did not abuse its discretion by submitting a charge on the law of parties, we overrule Appellant’s second point.

Exclusion of Evidence

In Appellant’s third point, he complains that the trial court erred by excluding a police offense report involving one of the State’s witnesses, LaWanda Moore, thereby denying him proper impeachment of the witness. During cross-examination, defense counsel questioned LaWanda about a possession of controlled substance offense that occurred after the commission of the offense in the present case but before trial.  Defense counsel tried to show that the State had offered LaWanda special consideration because of her status as a witness in the present case and had secured a no-bill in her possession case although there was no legal basis for it.  The trial court excluded the police report and would not allow defense counsel to question LaWanda about the facts of her arrest.  The trial court allowed defense counsel to attempt to elicit testimony from LaWanda that she had been arrested for possession of a controlled substance and that the case against her was no-billed during the pendency of Appellant’s case.

The State contends that the trial court did not err by excluding the police offense report because it was hearsay and did not meet the criteria to be admitted under rule 803(8)(C) of the Texas Rules of Evidence, as it consisted of observations and conversations, not factual findings.
(footnote: 13)  While we agree that the trial court did not err, we reject the State’s reasoning.

Rule 803(8)(C) provides that “factual findings resulting from an investigation made pursuant to authority granted by law” are permissible “in criminal cases as against the state . . . unless the sources of information or other circumstances indicate lack of trustworthiness.”
(footnote: 14)  In this case, portions of the offense report contain factual findings resulting from the officer’s investigation of LaWanda.  The factual findings are admissible even though the offense report in its entirety is not admissible.
(footnote: 15)  That is, under rule 803(8)(C), Appellant could properly offer into evidence the factual findings resulting from

the officer’s investigation to show possible bias or motive on behalf of the witness, LaWanda.
(footnote: 16)
 Appellant, however, offered the entire report, including the part that was inadmissible.  The trial court is not obligated to sift through the entire report to separate the admissible evidence from the inadmissible evidence.
(footnote: 17)  That is the obligation of the party offering the evidence.
(footnote: 18)  Because Appellant did not limit his offer to the admissible portions of the report, the trial court did not err by excluding the entire report.
(footnote: 19)  We overrule Appellant’s third point.

C
onclusion

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 4, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann.
 § 7.02(b) (Vernon 2003).

3:
Id.
 § 7.02(a)(2).

4:
Id.

5:
Tex. Code Crim. Proc. Ann 
art. 38.14 (Vernon 2005).

6:
Solomon v. State
, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); 
Hernandez v. State
, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997).

7:
Solomon
, 49 S.W.3d at 361; 
Cathey v. State
, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000).

8:
Cathey
, 992 S.W.2d at 462.

9:
Id.
 at 462-63.

10:
See id.
 at 463.

11:
See Solomon
, 49 S.W.3d at 360.

12:
Pitts v. State
, 569 S.W.2d 898, 900 (Tex. Crim. App. 1978); 
see also Marable v. State
, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002).

13:
See 
Tex. R. Evid.
 803(8)(C).

14:
Id.

15:
See id.
; 
see generally 
Tex. R. Evid.
 105.

16:
See 
Tex. R. Evid.
 803(8)(C).

17:
Sauceda v. State
, 129 S.W.3d 116, 124 (Tex. Crim. App. 2004).

18:
Id.

19:
See id.