**AFFIRM; and Opinion Filed June 9, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00562-CR

**TRAMON DEVONTE MATHIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1320970-T**

## MEMORANDUM OPINION
Before Justices Lang, Lang-Miers, and Brown
Opinion by Justice Lang-Miers

A jury convicted appellant Tramon Devonte Mathis of murder and assessed punishment at fifteen years in prison. On appeal appellant argues that the trial court committed jury charge error resulting in egregious harm when it allowed the case to be submitted to the jury on "the law of parties" because the indictment did not allege facts supporting that submission. We affirm.

### BACKGROUND

The material facts giving rise to appellant's complaint are undisputed.[1] The indictment in this case alleged that appellant committed capital murder by intentionally shooting and killing Lovell Jenkins during the course of a robbery. But there was no evidence that appellant shot

---

[1] Because appellant does not challenge the sufficiency of the evidence, we do not discuss the circumstances surrounding the offense in detail.

Jenkins. Instead, the State's evidence showed that Jenkins was shot and killed by appellant's brother, Lamaud Mathis.

The trial court's charge set forth the elements of capital murder as well as multiple lesser included offenses, including murder. The trial court also instructed the jury on the law of party liability, as follows:

> All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

> Mere presence alone will not constitute one a party to an offense.

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, then all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

The jury found appellant guilty of murder.

### ANALYSIS

On appeal appellant argues that allowing a defendant to be convicted as a party to an offense without a corresponding allegation in the indictment "violates his right to an indictment and the right to full and fair notice of the offense charged under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States." We disagree.

The Texas Court of Criminal Appeals has repeatedly held that due process does not require a defendant's culpability as a party to the offense to be pleaded in the charging instrument. *See Marable v. State*, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002) ("[I]t is well-settled that the law of parties need not be pled in the indictment."); *Pitts v. State*, 569 S.W.2d 898, 899–900 (Tex. Crim. App. 1978) ("If the evidence supports a charge on the law of

–2–

parties . . . the court may charge on the law of parties even though there is no such allegation in the indictment."); *see also Adames v. State*, 353 S.W.3d 854, 861 (Tex. Crim. App. 2011) (noting "both state and federal law specify that due process does not require a defendant's culpability as a party to the offense to be plead in the charging instrument"). Appellant acknowledges this authority. Nevertheless, relying on the dissent in *Marable*, he urges us to "re-examine this state of the law" and hold that it is error to charge the jury on party liability when such an allegation is not contained in the indictment. *See Marable*, 85 S.W.3d at 299 (Womack, J., dissenting). Like our sister courts, we decline. *See Garcia v. State*, No. 04-14-00670-CR, 2015 WL 8390813, at *4–5 (Tex. App.—San Antonio 2015, pet. filed); *Roys v. State*, 416 S.W.3d 229, 237 (Tex. App.—Amarillo 2013, pet. ref'd); *Smith v. State*, No. 10-09-00289-CR, 2011 WL 4389947, at *2–3 (Tex. App.—Waco Sept. 21, 2011, no pet.) (mem. op., not designated for publication); *Davis v. State*, 276 S.W.3d 491, 500 (Tex. App.—Waco 2008, pet. ref'd); *McKinney v. State*, 177 S.W.3d 186, 204–05 (Tex. App.—Houston [1st Dist.] 2005), *aff'd*, 207 S.W.3d 366 (Tex. Crim. App. 2006); *see generally Speers v. State*, No. 05-14-00179-CR, 2016 WL 929223, at *4 (Tex. App.—Dallas Mar. 10, 2016, no pet.) (mem. op., not designated for publication) ("This Court is bound by the holdings of the Texas Court of Criminal Appeals.").

CONCLUSION

We resolve appellant's sole issue against him and affirm.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150562F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TRAMON DEVONTE MATHIS, Appellant

No. 05-15-00562-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1320970-T.
Opinion delivered by Justice Lang-Miers.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of June, 2016.