**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00312-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**CYNTHIA ANN DELUNA, Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CR32200**

**MEMORANDUM OPINION**

Appellee, Cynthia Ann DeLuna, having been indicted by a grand jury for the offenses of manslaughter and endangering a child, filed a motion to quash count one of the State's indictment with the trial court. The trial court granted the motion to quash. The State of Texas appeals the trial court's order granting the motion. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2017) (permitting the

1

State's accelerated appeal from the trial court's dismissal of an indictment). We affirm the trial court's ruling.

## Background

In 2014, DeLuna's daughter, a thirteen-year-old unlicensed driver, was operating a motor vehicle on SH 321 in Liberty County, Texas. DeLuna's daughter crossed over SH 321 from PR 684 to the Silver Dollar Saloon owned by DeLuna to purchase a soda. When DeLuna's daughter left the Saloon and crossed back over SH 321 to PR 684, she collided with another vehicle on SH 321, causing it to leave the roadway, roll over in a ditch, and come to rest on its roof. After the collision, DeLuna's daughter left the scene of the accident and drove to her residence on PR 684 and went inside. The other driver was pinned to the roof of his vehicle upside down and died. The cause of death was listed as "[p]ositional asphyxia."

Following the incident, DeLuna's daughter was charged in Liberty County with engaging in delinquent conduct and recklessly causing the death of the other driver, which was amended to

> did then and there recklessly engage in conduct that placed [the other driver] in imminent danger of serious bodily injury by operating a motor vehicle in violation of [Texas Transportation Code section 521.021] and failing to yield right of way and failing to keep a lookout and causing a collision with the vehicle driven by [the other driver].

2

In October 2016, DeLuna's daughter was adjudged to have engaged in delinquent conduct by committing the offense of Deadly Conduct – a Class A misdemeanor, placed on probation, and released to the custody of her parents.

In November 2015, the grand jury returned a two-count true bill of indictment against DeLuna. Count one of the indictment alleged, in part, that DeLuna recklessly caused the death of another "by reckless entrustment of a motor vehicle to her juvenile daughter and specifically by providing the ignition key to her juvenile daughter and encouraging her juvenile daughter to operate said motor vehicle[.]"DeLuna filed a motion to quash count one of the indictment, arguing that the indictment failed to allege a criminal offense or a cause of action for manslaughter.

DeLuna's argument focused on Texas Penal Code section 7.02(a)(2) addressing third-party liability, which provides, "[a] person is criminally responsible for the offense committed by the conduct of another if acting with the *intent* to promote or assist the commission of the offense, if [s]he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]" *See* Tex. Penal Code § 7.02(a)(2) (West 2011). The trial judge held two hearings on the motion to quash and ultimately granted the motion. The State requested findings of fact and conclusions of law, but the trial court did not issue any. The State then appealed.

## Standard of Review

We apply a *de novo* standard of review when examining a trial court's decision on a motion to quash an indictment. *See Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). "The sufficiency of an indictment is a question of law." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

## Analysis

The Texas Code of Criminal procedure sets out the requirements for an indictment and provides that the "offense must be set forth in plain and intelligible words." Tex. Code Crim. Proc. Ann. art. 21.02(7) (West 2009). An indictment is usually legally sufficient if it delineates the penal statute in question. *Moff*, 154 S.W.3d at 602. An indictment must allege that (1) a person (2) committed an offense. *Teal v. State*, 230 S.W.3d 172, 179 (Tex. Crim. App. 2007) (quoting *Cook v. State*, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995)). In order to determine if a charging instrument alleges an offense, we must decide if the allegations are clear enough that one can identify the offense alleged. *See id.* at 180. A trial court and the defendant must be able to identify what penal code provision is alleged and whether it is one that vests jurisdiction in the trial court. *See id*. An indictment that tracks the statutory language generally satisfies constitutional and statutory requirements. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).

4

A person commits manslaughter "if he recklessly causes the death of an individual." Tex. Penal Code Ann. § 19.04(a) (West 2011). When recklessness is an element of the offense, as in this case with manslaughter, or "it is charged that the accused acted recklessly . . . in the commission of an offense, . . . [the] indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness[.]" *See* Tex. Code Crim. Proc. Ann. art. 21.15 (West 2009).

In the present case, the State argues that due process does not require a defendant's culpability as a party to the offense to be pled in the charging instrument. The Texas Penal Code allows for an individual to be criminally responsible for an offense committed by another. Tex. Penal Code Ann. § 7.02(a)(1)–(3). This is known as the law of the parties. *See Garza v. State*, 213 S.W.3d 338, 344–45 (Tex. Crim. App. 2007). The law of the parties is applicable to manslaughter, which by definition lacks specific intent. *Clair v. State*, No. 2-03-507-CR, 2006 WL 496035, at *3 (Tex. App.—Fort Worth Mar. 2, 2006, no pet.) (mem. op., not designated for publication) (citing *Mendez v. State*, 575 S.W.2d 36, 37–38 (Tex. Crim. App. 1979)). The Penal Code states: "All traditional distinctions between accomplices and principals are abolished by [section 7.01], and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

5

Tex. Penal Code Ann. § 7.01(c) (West 2011). Section 7.01(c) allows a party to an offense to be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. *Pitts v. State*, 569 S.W.2d 898, 900 (Tex. Crim. App. 1978). If the evidence supports a charge on the law of the parties, the court may charge on the law of the parties even though there is no such allegation in the indictment. *Id.*

This, however, does not eliminate the State's responsibility to present an indictment accusing a defendant of an act or omission which is declared by law to be an offense. In the present case, the State is required to include in the indictment the proper elements of manslaughter and delineate what conduct by DeLuna's daughter was alleged to have been reckless and led to the death of another. *See* Tex. Code of Crim. Proc. Ann. arts. 21.01 (West 2009), 21.15; *see also* Tex. Penal Code Ann § 19.04; *cf. Carrasco v. State*, No. 05-93-01515-CR, 1994 WL 416720, at *5 (Tex. App.—Dallas Aug. 10, 1994, pet. ref'd) (not designated for publication) (upholding conviction when indictment included language that the appellant recklessly caused the death of an individual by pointing a handgun at the decedent without checking to see if it was loaded, even though one of his companions actually pointed the gun and pulled the trigger, and appellant was found guilty under the law of the parties).

Here, the State has simply alleged that DeLuna caused the death of another "by reckless entrustment of a motor vehicle to her juvenile daughter and specifically by providing the ignition key to her juvenile daughter and encouraging her juvenile daughter to operate said motor vehicle[.]" While the State has alleged how DeLuna was a party, which is not required under the law, the indictment fails to lay out the underlying offense of manslaughter and the acts the State alleges constituted recklessness by the daughter. *See* Tex. Penal Code Ann. § 7.01(c); *Pitts*, 569 S.W.2d at 900. The indictment in its current form accuses DeLuna of giving keys to her juvenile daughter and encouraging her to drive. Most drivers obtain licenses when they are juveniles. Moreover, the indictment as worded essentially states that DeLuna's daughter operated a vehicle. There are no acts contained in the indictment that allege the daughter operated the vehicle in a reckless manner that caused the death of an individual. *See* Tex. Penal Code Ann § 19.04(a); *see also* Tex. Code Crim. Proc. Ann. art. 21.15.

The State conflates what is required to be included in the indictment and what is allowed by law to be omitted. *How* DeLuna is a party to the crime is not necessary; however, language regarding the acts the State alleges constituted reckless behavior on the part of her daughter to be charged with the underlying crime of manslaughter must be included. *See Pitts*, 569 S.W.2d at 900; *see also* Tex. Code Crim. Proc. Ann.

7

art. 21.15; Tex. Penal Code Ann. § 19.04(a). In its brief, the State spends much time discussing what it must prove under the law of the parties and how circumstantial evidence may establish intent under that theory. What must be proven at trial under the law of parties is distinct from the allegations that must be contained in an indictment to put the accused on notice of the crimes for which they are being charged.

## Conclusion

We conclude count one of the indictment is insufficient as a matter of law to invoke the subject-matter jurisdiction of the court and put DeLuna on notice of the offense she allegedly committed. Therefore, we overrule the State's issue, and we affirm the trial court's order dismissing count one of the indictment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 22, 2017
Opinion Delivered March 14, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

8